HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BIJAN NIKFARD,

        Plaintiff,

  v.

STATE FARM FIRE AND CASUALTY COMPANY,

        Defendant.

CASE NO. 3:19-cv-06001-RBL

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

THIS MATTER is before the Court on Plaintiff Bijan Nikfard's Motion for Partial Summary Judgment regarding Affirmative Defense No. 3. Dkt. # 12. Specifically, Nikfard challenges Defendant State Farm Fire and Casualty Company's affirmative defense that Nikfard failed to provide timely notice of the basis for his Insurance Fair Conduct Act (IFCA) claim. In its Opposition, State Farm also requests summary judgment on the same issue.

According to the First Amended Complaint, Nikfard's property in Tacoma, WA suffered fire damage on March 10, 2019. After tendering a claim to State Farm, the company provided a repair estimate that Nikfard rejected as insufficient to return the property to its pre-loss condition. Nikfard's property remains in a state of disrepair.

1         Nikfard sent his first IFCA notice and letter via mail on August 10, 2019. Dkt. # 13-1,

2 Ex. B. The enclosed letter identified the claimant (Nikfard), claim number, policy number, and

3 date of loss, and explained the basis for his potential IFCA claim. *Id*. However, Nikfard

4 erroneously addressed both the envelope and the letter to "State Farm Mutual Automobile

5 Insurance Company," rather than State Farm Fire and Casualty Company (Nikfard properly

6 addressed the letter to the Office of the Insurance Commissioner as well). *Id*.

7         State Farm nonetheless responded on September 3, 2019. Dkt. # 13-1, Ex. C. The

8 company pointed out that Nikfard had sent his letter and notice "to the wrong insurer" but stated

9 that it had been "provided with a copy of [his] letter." *Id*. State Farm then rejected the substance

10 of Nikard's arguments in the letter. *Id*.

11         Nikfard sent another notice and letter on September 17, 2019, this time to "State Farm

12 Fire and Casualty." Dkt. # 13-1, Ex. D. The street address on the envelope was the same, as was

13 the letter's content. *Id*. The same State Farm claims specialist from the same State Farm

14 department responded on October 2, 2019. Dkt. # 13-1, Ex. E. Besides noting that Nikfard

15 identified the correct insurer this time, State Farm rejected Nikfard's points on the same basis as

16 before. *Id*. On October 10, 2019, Nikfard filed his amended complaint in state court to add a

17 claim under IFCA. *See* FAC, Dkt. # 1-2.

18         The parties dispute whether Nikfard's August 10 IFCA notice was effective despite

19 identifying the wrong insurer and, if not, whether Nikfard complied with the statutory 20-day

20 waiting period before asserting his IFCA claim. RCW 48.30.015(8), which establishes the IFCA

21 notice period, reads as follows:

22      (a) Twenty days prior to filing an action based on this section, a first party
     claimant must provide written notice of the basis for the cause of action to the
23      insurer and office of the insurance commissioner. Notice may be provided by
     regular mail, registered mail, or certified mail with return receipt requested. Proof
24

>of notice by mail may be made in the same manner as prescribed by court rule or statute for proof of service by mail. The insurer and insurance commissioner are deemed to have received notice three business days after the notice is mailed.
>
>(b) If the insurer fails to resolve the basis for the action within the twenty-day period after the written notice by the first party claimant, the first party claimant may bring the action without any further notice.
>
>(c) The first party claimant may bring an action after the required period of time in (a) of this subsection has elapsed.

"IFCA's pre-suit notice provision creates a mandatory condition precedent to an IFCA lawsuit." *MKB Constructors v. American Zurich Ins. Co.*, 49 F.Supp.3d 814, 840 (W.D. Wash. 2014). Courts generally require strict adherence to the statute's notice provision. *Madera W. Condo. Ass'n v. First Specialty Ins. Corp.*, No. C12-0857-JCC, 2013 WL 4015649, at *4 (W.D. Wash. Aug. 6, 2013) (citing *Norgal Seattle P'ship v. Nat'l Sur. Corp.*, No. C11-0720RSL, 2012 WL 1377762, at *4 (W.D. Wash. Apr. 19, 2012)).

Here, however, there is no question that State Farm did receive notice of Nikfard's potential IFCA claim more than 20 days before he added it to his complaint. Although Nikfard mistakenly identified the wrong State Farm subsidiary, his notice nonetheless reached the same office as the subsequent letter that identified the correct subsidiary by name. State Farm's first response acknowledged receipt of his letter, correctly identified his claim, and substantively addressed his arguments. Nikfard therefore "provide[d] written notice . . . to the insurer" within the meaning of the statute and did so well within the 20-day period. RCW 48.30.015(8)(a). Because State Farm failed to resolve the basis of his claim within 20 days, Nikfard could bring his IFCA claim in court. Nikfard's Motion is GRANTED and State Farm's Affirmative Defense No. 3 is DISMISSED.

IT IS SO ORDERED.

Dated this 16th day of July, 2020.

							Ronald B. Leighton
							United States District Judge