UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BIJAN NIKFARD,

        Plaintiff,

    v.

STATE FARM FIRE AND CASUALTY COMPANY, et al.,

        Defendants.

Cause No. C19-6001RSL

ORDER GRANTING DEFENDANTS' MOTION TO CONTINUE

    This matter comes before the Court on "Defendants' Motion to Continue Trial." Dkt. # 33. Defendants argue that they were or will be unable to disclose experts, retain rebuttal experts, complete discovery, and/or prepare for a trial by the deadlines established in the current case management order. Plaintiff does not oppose a brief extension of the rebuttal expert and discovery deadlines, but contends that good cause does not exist for an extension of the expert disclosure deadline or the trial date. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

    The expert disclosure deadline was August 26, 2020, and the trial date is February 22, 2021. Dkt. # 9 and 31. The deadline for disclosing experts is set in the midst of discovery so that the parties have an opportunity to evaluate the need for expert testimony prior to the disclosure

ORDER GRANTING DEFENDANTS'
MOTION TO CONTINUE- 1

deadline and to depose the witnesses and locate rebuttal experts afterwards. Under Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedures. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the 1983 amendment, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). *See also Zivkovic v. S. Cal. Edison Co.*, 302 F3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

With regards to the expert disclosure deadline, defendant Eberle Claims Service, the third-party firm State Farm hired to adjust plaintiff's claim, was added to this action in mid-July when the Second Amended Complaint was filed. State Farm had opposed the amendment on the grounds that the expert disclosure deadline was fast approaching and the amendment would likely necessitate a continuance of the trial date. Dkt. # 19. As it turned out, Eberle entered its appearance and answered the amended complaint only two weeks before the expert disclosure deadline - it had virtually no time in which to evaluate its trial strategy, locate experts, or obtain

ORDER GRANTING DEFENDANTS'
MOTION TO CONTINUE- 2

reports. In the circumstances presented here, good cause has been shown for an extension of the expert disclosure deadline and all subsequent case management deadlines.

For all of the foregoing reasons, defendants' motion (Dkt. # 33) is GRANTED. This matter was recently transferred to the undersigned and will be assigned a new trial date that is consistent with this Court's practice of scheduling all civil trials on the first Monday of the month. The Clerk of Court is directed to issue an amended case management order with a trial date of April 5, 2021.

Dated this 6th day of October, 2020.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS'
MOTION TO CONTINUE- 3